# United States District Court
# Northern District of Indiana

| | |
|---|---|
| LAKESHA NORINGTON<br>a/k/a Shawntrell Marcel Norington,<br><br>Plaintiff,<br><br>v.<br><br>MARK LEVENHAGEN, *et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 3:14-CV-661 JVB<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Lakesha Norington a/k/a Shawntrell Marcel Norington,[1] a *pro se* prisoner, is an abusive litigator. She is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and was advised of this fact by the U.S. Court of Appeals for the Seventh Circuit in July 2013. *See Norington v. Indiana*, No. 13-2303 (7th Cir. order dated July 16, 2013.)

Norington has now filed a new complaint under 42 U.S.C. § 1983, along with a motion requesting permission to proceed *in forma pauperis*. (DE 1, 2.) She did not disclose that she is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Nor does her complaint address a matter placing her in imminent danger of physical injury. Instead, the complaint pertains to her legal papers and items of personal property, including her gym shoes, shower shoes, gym shorts, "do-rags," toothpaste, toothbrush holder, towels, and magazines. (DE 1-2 at 10.) She claims that these items were improperly lost or destroyed by the property officer at Westville Control Unit ("WCU") sometime between July 2012 and August 2013. (DE 1 at 3.) She seeks approximately $4 million in compensatory and punitive damages against the property

---

[1] Norington, whose legal name is Shawntrell Marcel Norington, was born a male but identifies herself as a female. Because she refers to herself with female pronouns, the court does so here out of courtesy.

officer and various state officials, as well as a full investigation of the property room and termination of all current property room staff. (DE 1-1 at 6-7.) Nothing in the complaint demonstrates that she falls within the imminent danger exception contained in Section 1915(g).[2] *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (to meet the imminent danger requirement, the plaintiff must be complaining of a "threat" that is both "real and proximate," and allegations of past harm do not suffice); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger provision was meant to serve as an "escape hatch for genuine emergencies" only).

Furthermore, it appears Norington is trying to skirt the restriction imposed by Section 1915(g) by mislabeling her complaint with the docket number of a closed case, 3:13-CV-184-JD. In that case, Norington challenged the state's refusal to permit her to change her name. *Norington v. Indiana*, No. 3:13-CV-184-JD (N.D. Ind. order dated Apr. 1, 2013.) The case was dismissed on April 1, 2013, pursuant to 28 U.S.C. § 1915A. *Id.* Norington appealed, but the Seventh Circuit denied her request to proceed *in forma pauperis*, and the appeal was later dismissed for failure to pay the docketing fee. *Id.*, DE 21-1. Norington is a frequent litigator in federal court, and she could not have reasonably believed there was a proper basis for her to file a new, unrelated complaint in a case dismissed pursuant to 28 U.S.C. §1915A more than a year ago, and in which she unsuccessfully took an appeal.

---

[2] Norington mentions in passing that in June 2012 a correctional officer confiscated a medication she had in her cell, at which point Norington spit in the officer's face. This resulted in a disciplinary proceeding in which Norington was found guilty of assault, as well as "Misuse of Authorized Medication/Possession of Unauthorized Medication." (DE 1 at 3.) Norington appears to have included this allegation because the officer involved later became the property officer at WCU, and Norington believes he is biased against her because of this incident. The incident with the medication occurred nearly two years ago, and the facts she describes do not give rise to even a remote inference that she is presently in imminent danger of serious physical injury. The court notes additionally that she does not list any medical staff members as defendant or seek any relief pertaining to her medical care in this action.

By seeking leave to proceed *in forma pauperis* and failing to disclose that she is three-struck, Norington has attempted to commit a fraud on the court. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). "An effort to bamboozle the court . . . after a federal judge has held that § 1915(g) applies to a particular litigant will lead to . . . an order forbidding further litigation." *Id.* In accordance with *Sloan*, this case will be dismissed, the filing fee assessed, and Norington restricted until she has paid in full all outstanding filing fees owed. A review of this court's records indicates that Norington owes approximately $4,000 in outstanding filing fees.

The restriction being imposed in this order does not preclude Norington from filing a habeas corpus petition challenging the fact or duration of her custody, or from filing documents in any federal criminal case in which she is a defendant. *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This order also does not restrict her from filing a notice of appeal in this case. However, she cannot "file any paper in any other suit . . . until [s]he pays the money [s]he owes." *Mack*, 45 F.3d at 186.

For the foregoing reasons, the court:

(1) **DISMISSES** this case pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999);

(2) **ORDERS** the plaintiff **Lakesha Norington a/k/a Shawntrell Marcel Norington, IDOC #138726** to pay (and the facility having custody of her to automatically remit) to the clerk of this court 20 percent of the money she receives for each calendar month during which she receives $10.00 or more, until the $400.00 filing fee for this case is paid in full;

(3) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of **Lakesha Norington a/k/a Shawntrell Marcel Norington** (unless filed in a habeas

corpus or federal criminal proceeding, or a notice of appeal and related documents in this case) until she has paid in full all outstanding fees in all civil actions in any federal court;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(5) **DIRECTS** the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED** on April 10, 2014.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division